UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

ROBERT EDWARD NOWAKOWSKI,

                     *Plaintiff,*

-against-

THE CITY OF NEW YORK, Sergeant GUADALKANI, P.O. SUAREZ

                     *defendants.*

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 14 - 00932

-----------------------------------------------------------

## INTRODUCTION

1.     The above mentioned Plaintiff hereby brings suit against the above named defendants pursuant to United States Code Title 42, section 1983, and pursuant to applicable sections of the United States Constitution and the New York State Constitution, as well as related state tort claims. Plaintiff brings suit against the individual defendants in their individual and official capacities. These claims transpired within the federal Eastern District of New York State and are presented in the appropriate venue. The state claims are timely presented following a timely Notice of Claim, within one year and ninety days of occurrence.

2.     Plaintiff's name and address are listed at the conclusion of this complaint. Sergeant GUADALKANI, is a female police officer last known to be employed at the 94th Precinct in Greenpoint, Brooklyn at 100 Meserole Avenue. P.O. SUAREZ is a male police officer last known to be employed at the 94th Precinct in Greenpoint Brooklyn at 100 Meserole Avenue.

1

## FACTS

3.  On February 10, 2013 at approximately 6:20 p.m., plaintiff was walking home along Calyer Street between Jewel and Moultrie Streets, when he saw a bicycle chained to a telephone pole on the sidewalk. As a bicycle enthusiast, plaintiff took a closer look at it, since it possessed a distinctive crossbar very similar to another bicycle plaintiff would be getting from an acquaintance. As the plaintiff paused and peered at the bicycle from close range, a police van with 94th Precinct Sergeant GUADALKANI and police officer SUAREZ drove past along Calyer Street in the same direction in which plaintiff had been walking. Plaintiff paid them no heed and continued to study the bicycle, but never touched the bicycle at any time. When he was finished looking at the chained bicycle, plaintiff continued his walk along Calyer Street, rounding the corner at Moultrie Street, proceeding towards Meserole Avenue. Sergeant GUADALKANI and police officer SUAREZ followed plaintiff in their van after he walked away from the still-locked bicycle. Both officers leapt from their vehicle and accused him of "casing" the bicycle and wanting to steal it. Plaintiff denied the allegations and tried to walk away. Officer SUAREZ physically blocked plaintiff's path, behaving provocatively and in a very threatening physical and verbal manner. As the plaintiff attempted to walk away in the other direction, Officer SUAREZ ran up to the Plaintiff and violently grabbed him by the chest, halting the plaintiff's movement. Officer SUAREZ then patted the plaintiff's pants pockets, then reached into the plaintiff's left pocket and pulled out the plaintiff's keys. After both officers attempted further interrogation to justify their actions, they released the plaintiff. At no time did either officer accuse the plaintiff of attempting to steal the bicycle or even of touching it. Rather, SGT. GUADALKANI stated that there were many bicycle thefts in the area and that plaintiff was looking suspiciously at the bicycle.

When Plaintiff returned to the area over 24 hours later to take pictures, he observed the bicycle still chained to the telephone pole. Plaintiff, at the time of this incident, already owned two bicycles, and anticipated receiving a third from an acquaintance. On information and belief, both officers were familiar with the plaintiff and his bicycle penchant from years of briefings and informal gossip around the 94th Precinct stationhouse concerning plaintiff and his deceased Father, TADEUSZ F. NOWAKOWSKI, based on their numerous complaints against organized 94th Precinct police lawlessness and conspiracy misconduct.

4. FALSE_ARREST_AND_IMPRISONMENT: On February 10, 2013, at approximately 6:20 p.m., at the location of Moultrie Street between Calyer Street and Meserole Avenue in the Greenpoint section of Brooklyn in the City of New York, THE CITY OF NEW YORK, its agents, servants and employees, falsely detained plaintiff ROBERT EDWARD NOWAKOWSKI without just right and without probable cause and without grounds therefor. THE CITY OF NEW YORK, its agents, servants and employees falsely confined the plaintiff in that they intended to confine the plaintiff; plaintiff was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged, without just right, without probable cause and without grounds therefor, causing plaintiff emotional pain, fear, suffering, mental anguish, and loss of dignity.

5. ASSAULT AND BATTERY: On February 10, 2013 at approximately 6:20p.m., at the aforesaid place, THE CITY OF NEW YORK, its agents, servants and employees permitted and committed an intentional assault and battery upon the person of the plaintiff ROBERT EDWARD NOWAKOWSKI in that they placed him in reasonable fear of his physical safety and well-being, as well as subjecting plaintiff to unwanted touching and

3

physical contact, causing plaintiff emotional pain, fear, suffering, mental anguish, and loss of dignity.

6. UNREASONABLE SEARCH: On February 10, 2013 at approximately 6:20p.m., at the aforesaid place, THE CITY OF NEW YORK, its agents, servants and employees permitted and committed an unreasonable and unconstitutional physical search of the plaintiff, commonly known as a "stop and frisk", not otherwise privileged, without just right, without probable cause and without grounds therefor, causing plaintiff emotional pain, fear, suffering, mental anguish, and loss of dignity.

7. NEGLIGENCE IN PERFORMANCE: in failing to use such care in the performance of police duties as a reasonably prudent and careful police officer would have used under similar circumstances, in permitting police officers to continue to perform their duties man improper, negligent, careless and reckless manner all without any negligence on the part of the plaintiff ROBERT EDWARD NOWAKOWSKI contributing thereto; and,

8. MUNICIPAL NEGLIGENCE: of THE CITY OF NEW YORK, its agents, servants and employees in training and instruction of its police officers by not exercising care in instructing them as to their deportment, behavior and conduct as police officers and representatives of the City of New York in that training and instruction.

9. VIOLATION OF CIVIL RIGHTS pursuant to Title 42 of the United States Code Section 1983, in that plaintiff ROBERT EDWARD NOWAKOWSKI was deprived of his rights, privileges and immunities secured by the Constitution and laws of the United States of America by those who, under color of a statute or regulation of a state, caused plaintiff to be

so deprived and other and further violations of the plaintiff's rights and privileges secured to him under the Constitutions of the United States of America and the State of New York.

10. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: by THE CITY OF NEW YORK, its agents, servants and employees in causing the Plaintiff such distress by the commission of the torts described herein, and by the fear of going to jail on fabricated charges by THE CITY OF NEW YORK, its agents, servants and employees, and by their negligence and reckless disregard of the consequences of their misconduct towards the Plaintiff and causing psychological injuries to the Plaintiff, all without any negligence on the part of the Plaintiff contributing thereto; and,

11. NEGLIGENCE IN HIRING AND RETENTION: of THE CITY OF NEW YORK, its agents, servants and employees in hiring and retaining persons who were unfit to serve as police officers who it knew or should have known had dangerous propensities and/or lack of proper temperament, in that THE CITY OF NEW YORK, its agents, servants and employees failed to exercise reasonable precautions employing these police officers by failing to properly investigate their background and would have determined that they were unfit to serve as police officers, all without any negligence on the part of the plaintiff contributing thereto; and,

12. CUSTOMARY MUNICIPAL PRACTICE: THE CITY OF NEW YORK, its agents, servants and employees foster, have fostered, and will foster a climate of tolerance and approval for baseless "stop and frisks" and in fact tacitly and overtly encourage such at the supervisory levels of the New York City Police Department and THE CITY OF NEW YORK, a fact conclusively established through various reports, studies and lawsuits.

13. CONSPIRACY: THE CITY OF NEW YORK, its agents, servants and employees, SGT. GUADALKANI & P.O. SUAREZ conspired together to illegally "stop and frisk" the plaintiff in violation of his federal and state rights under common law and the NYS and US Constitutions.

## CONCLUSION

14. The undersigned plaintiff therefore demands a jury trial as to all counts contained in this complaint and seeks punitive damages as to all counts.

Dated: February 9, 2014
   Brooklyn, New York

Yours, etc.

*[signature]*

Robert Edward Nowakowski
226 Norman Avenue, Apt. #3
Brooklyn, New York 11222